# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 5, 2024
Lyle W. Cayce
Clerk

No. 24-50529

IN RE RODNEY REED,

*Movant.*

Motion for an order authorizing
the United States District Court for the
Western District of Texas to consider
a successive 28 U.S.C. § 2254 application

UNPUBLISHED ORDER

Before ELROD, *Chief Judge*, and JONES and HIGGINSON, *Circuit Judges*.
PER CURIAM:

Rodney Reed seeks an order authorizing the district court to consider his successive habeas application. For the reasons stated below, we DENY Reed's motion.

In 1998, Reed was convicted and sentenced to death for the murder of Stacey Stites. We discussed the facts of the case and of Reed's first federal habeas petition in *Reed v. Stephens*, 739 F.3d 753, 760–63 (5th Cir. 2014).

Reed, in seeking to file a second or successive application under 28 U.S.C. § 2254, must first receive authorization from this court. 28 U.S.C. § 2244(b)(3)(A). We may grant such authorization only when "'the application makes a prima facie showing that the application satisfies the requirements' of § 2244(b)." *In re Will*, 970 F.3d 536, 540–41 (5th Cir. 2020)

(quoting § 2244(b)(3)(C)).  A *prima facie* case for claims based on newly discovered evidence comprises three elements.  *Id.* at 541.  First, the petitioner must show that he has not presented the same claim in a prior § 2254 application.  § 2244(b)(1).  Second, he must show that his claim's factual predicate "could not have been discovered previously through the exercise of due diligence."  *Id.* § 2244(b)(2)(B)(i).  And third, he must show that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  *Id.* § 2244(b)(2)(B)(ii).  Such petitions are subject to a one-year limitation period that runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *Id.* § 2244(d)(1)(D).

If the evidence supporting the claim makes "it appear[] reasonably likely that the application satisfies the stringent" § 2244(b) requirements, "we shall grant the application."  *In re Will*, 970 F.3d at 541 (quoting *In re Campbell*, 750 F.3d 523, 530 (5th Cir. 2014)).  "Otherwise, the successive habeas petition 'shall be dismissed.'"  *In re Cantu*, 94 F.4th 462, 468 (5th Cir. 2024) (quoting § 2244(b)).

The petition Reed seeks to bring alleges violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959), but he has not made a *prima facie* showing for either claim.

The central thesis of Reed's *Napue* claim is that Karen Blakely, the state's crime-scene-investigation expert, misrepresented the length of time that sperm cells can remain intact inside the vaginal tract.  At trial, Blakely cited "published documentation that says 26 hours is about the outside length of time" that those cells will remain intact.  This timeline served as

the foundation of the state's argument that Reed was with Stites on the night of her murder. *See Reed v. Texas*, 140 S. Ct. 686, 687 (2020) (statement of Sotomayor, J., respecting the denial of certiorari). But today, all agree that the twenty-six-hour figure was incorrect and a misrepresentation of the study from which it was drawn.

Even still, Reed has not identified why the factual basis for this claim "*could not have been* discovered through the exercise of due diligence." *In re Will*, 970 F.3d at 542. He argues that, because the very study Blakely cited proves her testimony incorrect, "there's no reason why [the state's 1998 trial team] should not have known that testimony was false then." But if this is true, Reed's attorneys likewise should have known that it was false. Nothing about the 2021 evidentiary hearing or any other intervening event triggered the availability of this claim—the science was just as wrong then as it is now. Reed's trial counsel even "tried to impeach [Blakely] on this point," and he "has not shown (indeed, does not even assert) that the scientific community's understanding of spermatozoa longevity has meaningfully advanced since the time of his trial." *Ex parte Reed*, 670 S.W.3d 689, 704, 749 (Tex. Crim. App. 2023).

Reed attempts to sidestep this reality by arguing that his claim is "based on . . . the state now *agreeing* that [it] solicited false forensic testimony." But Reed brings no factual allegation about "the State's interactions with its witness, which could not be known before" some sort of disclosure. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). Instead, the substance of his claim challenges "the correctness of [Blakely's] testimony," "which could have been disputed at any time." *See id*. In fact, Reed disputed Blakely's testimony both at trial and in his first § 2254 petition (albeit in an ineffective-assistance-of-counsel claim). In that petition, Reed argued that his "[t]rial counsel could have easily countered this testimony with minimal research and/or the presentation of a competent forensic

expert." Petitioner's Corrected Second Amended Petition for Writ of Habeas Corpus at 98, *Reed v. Thaler*, No. 1:02-CV-142 (W.D. Tex. June 15, 2012), ECF Nos. 147, 147-1. We agree. Because Reed and his attorneys had sufficient notice of the factual basis of the claim he now brings—both at trial and by his 2010 petition—he cannot now, more than fourteen years later even by the more conservative measure, satisfy § 2244(b)(2)(B)(i)'s due-diligence requirement or its corollary statute of limitations. *See Blackman v. Davis*, 909 F.3d 772, 779 (5th Cir. 2018); § 2244(d)(1)(D).[1]

Given this, even if Reed is able to make out the first two elements on the rest of his claims, he has not shown that "it is reasonably likely that, after hearing the new evidence alongside the old evidence, every reasonable juror would have some level of reasonable doubt." *In re Will*, 970 F.3d at 547 (emphasis omitted). The evidence underlying Reed's *Brady* claim and the remaining portion of his *Napue* claim is largely cumulative of evidence that he offered at trial. The jury had already heard about the possibility that Reed was having an affair with Stites. *Ex parte Reed*, 670 S.W.3d at 707–08. It had already heard that Jimmy Fennell, Stites's fiancé, had a propensity for violence. *Id.* at 708. And even if it were to hear about the remaining alleged misrepresentations, we cannot conclude that every reasonable juror would have some level of reasonable doubt based upon this additional evidence. No, even when taken together, the remaining evidence is insufficient to establish a reasonable likelihood that § 2244(b)(2)(B)(ii)'s clear-and-convincing requirement would be satisfied. *See Kopycinski v. Scott*, 64 F.3d 223, 226–27 (5th Cir. 1995).

---

[1] The state also argues that this claim has been procedurally defaulted, but we need not address that argument because of our determination that it does not satisfy § 2244(b). *Johnson v. Dretke*, 442 F.3d 901, 912 (5th Cir. 2006).

Because Reed has not made the requisite showing for authorization to file a successive § 2254 application, IT IS ORDERED that his motion for authorization to file a successive petition is DENIED.



A True Copy
Certified order issued Nov 05, 2024

Clerk, U.S. Court of Appeals, Fifth Circuit